# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   1:23-cv-01615-PAB-KAS

PAUL F. CAMPOS,

    Plaintiff,

v.

UNIVERSITY OF COLORADO, through the
REGENTS OF UNIVERSITY OF COLORADO, a
body corporate; PHILIP P. DISTEFANO, in his
official capacity; and LOLITA BUCKNER
INNISS, in her official and individual capacities,

    Defendants.

---

## DEFENDANTS THE UNIVERSITY OF COLORADO AND PHILIP P. DISTEFANO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Defendants, the University of Colorado, through its Board, the Regents of the University of Colorado, and Philip P. DiStefano (collectively, "the University") hereby submit their answer to Plaintiff's First Amended Complaint (ECF #30).

### INTRODUCTION

1. The University admits that Plaintiff is a professor of law at the University of Colorado School of Law. The University states that the 2021 pay study speaks for itself and denies any allegations in paragraph 1 inconsistent therewith. The University denies the remaining allegations in paragraph 1.

2. The University admits that Plaintiff is a long-standing member of the

University community. The University further admits that Plaintiff complained about his annual evaluation to the Dean, that his legal counsel contacted the Office of University Counsel, and that Plaintiff filed a complaint with the University's Office of Institutional Equity and Compliance. The University denies the remaining allegations in paragraph 2.

3. The University denies the allegations in paragraph 3.

## PARTIES

4. The University admits that Plaintiff is a professor of law at the University of Colorado School of Law, admits that he was hired in 1990, and admits that he was the first director of the Byron R. White Constitutional Law Center. The University further admits that Plaintiff became tenured in 1994. The University denies that Plaintiff became a full professor in 1997 but affirmatively states that he became a full professor in 1998. Upon information and belief, the University admits that Plaintiff is a resident of Boulder, Colorado. The University denies the remaining allegations in paragraph 4.

5. The University lacks knowledge or information regarding the truth or falsity of Plaintiff's allegations about *National Jurist* and therefore denies them. The University admits that Plaintiff has published five books, one with the University of Chicago Press, and admits that he critiques legal education. The University denies the remaining allegations in paragraph 5.

6. The University admits the allegations in paragraph 6.

7. The University admits Defendant Inniss is the Dean of the University of Colorado School of Law and Provost's Professor of Law and has held that position since approximately July 1, 2021. The University states that Dean Inniss' CV speaks for itself and

denies any allegations in paragraph 7 inconsistent therewith.

8. The University admits the allegations in paragraph 8.

## JURISDICTION AND VENUE

9. The University admits the Court has jurisdiction over this matter.

10. The University admits venue is proper.

## ADMINISTRATIVE EXHAUSTION

11. The University denies Plaintiff has timely exhausted administrative remedies as to all of the claims and relief he is seeking in his Amended Complaint. The University admits the remaining allegations in paragraph 11.

## FACTUAL ALLEGATIONS

12. The University admits that the University of Colorado School of Law employs dozens of resident faculty, which includes professors, associate professors, assistant professors, clinical professors, teaching professors, and instructors. The University denies that Plaintiff is the only senior member of the law faculty who is Latino. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 12 and therefore denies them.

13. The University admits that it undertook a salary study in 2021 to identify pay disparities in compliance with the Colorado Equal Pay for Equal Work ACT (CEPEWA). The University states that the study speaks for itself and denies any allegations in paragraph 13 inconsistent therewith.

14. The University admits that the salary study was conducted with input from multiple stakeholders, including the Provost's Office, Human Resources, Deans, and other

3

University leadership. The University denies the remaining allegations in paragraph 14.

15. The University states that the study speaks for itself and denies any allegations in paragraph 15 inconsistent therewith.

16. The University states that the study speaks for itself and denies any allegations in paragraph 16 inconsistent therewith.

17. The University admits that as of January 1, 2022, the University provided prospective raises to some faculty members whose predicted salary was lower than their actual salary. The University denies that it determined that it had been underpaying any faculty member based on gender, race, or ethnicity and denies that it has engaged in discrimination. The remaining allegations in paragraph 17 state legal conclusions to which no response is necessary. To the extent a response is required, the University denies any wrongdoing.

18. The University admits that the salary study determined that Plaintiff's actual salary was $13,756 less than his predicted salary. The University denies the remaining allegations in paragraph 18.

19. The University admits that the study did not consider stipends from an endowed professorship. The University denies the allegations in paragraph 19, including footnote 1, that all senior tenured faculty members except Plaintiff held endowed professorships. The University further denies that Plaintiff is the only Latino member of senior tenured faculty at the College of Law. The University lacks knowledge or information regarding the remaining allegations in paragraph 19 and therefore denies them.

## FACTS

20. The University denies that Chancellor DiStefano decides which law school

faculty receive an endowed professorship. The University admits that available endowed professorships are awarded by the Dean of the College of Law.

21. The University denies the allegations in paragraph 21.

22. The University admits that Plaintiff's annual performance rating for 2021 was a 3 out of 5. The University denies this is a "low" rating and denies that Plaintiff had an excellent year in 2021 under the College of Law faculty performance standards. The University lacks knowledge or information regarding the truth or falsity of the remaining allegations in paragraph 22 and therefore denies them.

23. The University admits that Plaintiff demanded an explanation of his 2021 rating. The University lacks knowledge or information regarding the truth or falsity of the remaining allegations in paragraph 23 and therefore denies them.

24. The University denies that a 3 out of 5 is an "extremely low score." The University lacks knowledge or information regarding the truth or falsity of the remaining allegations in paragraph 24 and therefore denies them.

25. The University admits the allegations in paragraph 25.

26. The University denies that Plaintiff's research justified a rating of 5 in 2021, denies that he published a book or an article in 2021, and denies that he had "the single most impressive year" of all law faculty. The University lacks knowledge or information regarding the truth or falsity of the remaining allegations in paragraph 26 and therefore denies them.

27. The University admits Plaintiff served on the Faculty Evaluations Committee in 2021. The University denies that this warranted a higher rating. The University lacks knowledge or information as to the truth or falsity of the remaining allegations in paragraph

5

27 and therefore denies them.

28. The University admits Plaintiff was first on parental leave, then on a sabbatical and thus did not teach in 2021. The University admits Plaintiff's teaching was not evaluated for 2021. The University denies the remaining allegations in paragraph 28.

29. The University admits Plaintiff met with the Dean to discuss his performance rating. The University lacks knowledge or information regarding the truth or falsity of the remaining allegations in paragraph 29, and therefore denies them.

30. The University admits that Dean Inniss did not change Plaintiff's annual rating. The University lacks knowledge or information regarding the truth or falsity of the remaining allegations in paragraph 30, and therefore denies them.

31. The University states that Plaintiff's counsel's letter speaks for itself and denies any allegations in paragraph 31 inconsistent therewith.

32. The University states that Plaintiff's counsel's letter speaks for itself and denies any allegations in paragraph 32 inconsistent therewith.

33. The University admits that Plaintiff was initially not assigned a committee. The University states that the referenced emails speak for themselves and denies any allegations in paragraph 33 inconsistent therewith.

34. The University states that, to the extent paragraph 34 references email correspondence, the emails speak for themselves and denies any allegations in paragraph 34 inconsistent therewith. The University lacks knowledge or information as to the truth or falsity of the remaining allegations in paragraph 34 and therefore denies them.

35. The University admits that Dean Inniss removed Plaintiff from the Faculty

Evaluation Committee. The University states that the Dean's email speaks for itself and denies any allegations in paragraph 35 inconsistent therewith. The University denies the remaining allegations in paragraph 35.

36. The University states that Dean Inniss' June 8, 2022 email speaks for itself and denies any allegations in paragraph 36 inconsistent therewith.

37. The University denies the allegations in paragraph 37.

38. The University states that the referenced emails speak for themselves and denies any allegations in paragraph 38 inconsistent therewith.

39. The University denies that Plaintiff was not placed on the Technology Committee. The University states that the University counsel's correspondence speaks for itself and denies any allegations in paragraph 39 inconsistent therewith. The University lacks knowledge or information regarding the remaining allegations in paragraph 39 and therefore denies them.

40. The University denies the allegations in paragraph 40(a) – (d) and denies that Plaintiff has been damaged.

41. The University admits that Plaintiff informed the Office of Institutional Equity and Compliance on August 8, 2022 that he would "like to file a complaint" against the Dean. The University states that Plaintiff's August 8, 2022 communication speaks for itself and denies any allegations in paragraph 41 inconsistent therewith.

42. The University admits that Plaintiff no longer reports to Dean Inniss and is supervised by Dean Edward Scott Adler. The University lacks knowledge or information as to the truth or falsity of the remaining allegations in paragraph 42 and therefore denies them.

43. The University denies the allegations in paragraph 43.

44. The University admits that Plaintiff was no longer assigned to teach Property Law to first-year students due to abysmal student evaluations and insensitive comments. The University states that the email referenced in paragraph 44 speaks for itself and denies any allegations inconsistent therewith.

45. The University lacks knowledge or information as to the truth or falsity of allegations about Plaintiff's review of recordings of his classes, and therefore denies them. The University denies the remaining allegations in paragraph 45.

46. The University denies the allegations in paragraph 46.

47. The University lacks knowledge or information as to the truth or falsity of the allegations in paragraph 47 and therefore denies them.

48. The University denies the allegations in paragraph 48.

49. The University admits that, as of the date of this Answer, the OIEC investigation is ongoing. The University denies the remaining allegations in paragraph 49.

50. The University admits that Plaintiff received a 2.8% raise in January 2023. The University denies the remaining allegations in paragraph 50.

### FIRST CAUSE OF ACTION
### Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1)
### Pay discrimination based on race
### (Against the University)

51. The foregoing responses are incorporated herein by reference.

52. Paragraph 52 states a legal conclusion to which no response is required.

53. The University admits Plaintiff occupies a position similar to some of the white professors at the College of Law. The University denies the remaining allegations in

8

paragraph 53.

54. The University denies the allegations in paragraph 54.

55. The University admits Plaintiff occupies a position similar to some of the white faculty members at the College of Law. The University denies the remaining allegations in paragraph 55.

56. The University denies the allegations in paragraph 56.

57. The University denies the allegations in paragraph 57.

58. The University denies the allegations in paragraph 58.

59. The University denies the allegations in paragraph 59.

60. The University denies the allegations in paragraph 60.

**SECOND CAUSE OF ACTION**
**Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1)**
**Retaliation**
**(Against the University)**

61. The foregoing responses are incorporated herein by reference.

62. Paragraph 62 states a legal conclusion to which no response is required.

63. The University admits the allegations in paragraph 63.

64. The University denies the allegations in paragraph 64.

65. The University denies the allegations in paragraph 65.

66. The University denies the allegations in paragraph 66.

**THIRD CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Pay discrimination based on race**
**(Against Chancellor DiStefano and Dean Inniss in their official capacities)**

67. The foregoing responses are incorporated herein by reference.

68. The University admits the allegations in paragraph 68.

69. The University admits that available endowed professorships are awarded by the Dean. The University admits that the Dean makes salary recommendations but denies that the Dean bears sole responsibility for annual salary adjustments.

70. The University admits the allegations in paragraph 70.

71. The University denies the allegations in paragraph 71.

72. Paragraph 72 states a legal conclusion to which no response is required.

73. Paragraph 73 states a legal conclusion to which no response is required.

74. The University lacks knowledge or information as to the allegations in paragraph 74 and therefore denies them.

75. The University admits Plaintiff occupies a position similar to some of the white professors at the College of Law. The University denies the remaining allegations in paragraph 75.

76. The University denies the allegations in paragraph 76.

77. The University denies that Plaintiff has been subjected to pay discrimination and denies that he is entitled to any relief. The University admits that Chancellor DiStefano is the appropriate defendant with authority to provide such relief.

78. The University denies the allegations in paragraph 78.

79. The University admits Plaintiff occupies a position similar to some of the white faculty members at the College of Law. The University denies the remaining allegations in paragraph 79.

80. The University denies the allegations in paragraph 80.

81. The University denies the allegations in paragraph 81.

82. The University denies the allegations in paragraph 82.

## FOURTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Retaliation
### (Against Chancellor DiStefano and Dean Inniss in their official capacities)

83. The foregoing responses are incorporated herein by reference.

84. The University admits the allegations in paragraph 84.

85. The University admits the allegations in paragraph 85.

86. The University admits the allegations in paragraph 86.

87. The University denies the allegations in paragraph 87.

88. Paragraph 88 states a legal conclusion to which no response is required.

89. The University lacks knowledge or information as to the allegations in paragraph 89 and therefore denies them.

90. The University admits the allegations in paragraph 90.

91. The University denies the allegations in paragraph 91.

92. The University denies the allegations in paragraph 92.

93. The University denies the allegations in paragraph 93.

## FIFTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Retaliation
### (Against Dean Inniss in her individual capacity)

94. The foregoing responses are incorporated herein by reference.

95-102: No response is required from Defendants the University and DiStefano as to Plaintiff's fifth cause of action, which is alleged against Dean Inniss only, in her individual

11

capacity. To the extent a response is deemed required, the University denies any wrongdoing and denies Plaintiff is entitled to any relief from any of the Defendants.

The University denies any allegation in the First Amended Complaint not specifically admitted herein, and further denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by statute of limitations.

3. Some of Plaintiff's claims are barred for failure to timely exhaust administrative remedies.

4. Plaintiff's claims may be barred or reduced by a failure to mitigate his damages, if any.

5. The claims against Dean Inniss in her individual capacity are barred by qualified immunity.

Respectfully submitted this 10th[h] day of October, 2023.

Respectfully submitted:

*s/ Hermine Kallman*_____
Hermine Kallman
Associate University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Hermine.Kallman@cu.edu
*Counsel for Defendant University of Colorado*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 10, 2023, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Josh A. Marks
BERG HILL GREENLEAF RUSCITTI LLP
Special Assistant Attorney General
1712 Pearl Street
Boulder, CO 80302
Phone: (303) 402-1600
Fax: (303) 402-1601
jam@bhgrlaw.com
*Counsel for Defendant Dean Inniss*

Daniel David Williams
Hutchison Black & Cook LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
Ph: 303.442.6514
Email: williams@hbcboulder.com
*Counsel for Plaintiff*

              *s/ Elisha Garza*
              Elisha Garza, Legal Assistant