IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01615-PAB-KAS

PAUL F. CAMPOS,

    Plaintiff(s),

v.

UNIVERSITY OF COLORADO, through the Regents of the University of Colorado, a body corporate; and
LOLITA BUCKNER INNISS, Dean of the University of Colorado School of Law, in her individual and official capacities; and
PHILIP P. DISTEFANO, Chancellor, University of Colorado-Boulder, in his official capacity.

    Defendant(s).

_____

**DEFENDANT LOLITA BUCKNER INNISS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND JURY DEMAND**
_____

Defendant Lolita Buckner Inniss ("Dean Inniss"), in her individual capacity, by and through her undersigned counsel, Josh A. Marks of Berg Hill Greenleaf Ruscitti LLP, hereby submits her Answer to Plaintiff's First Amended Complaint and Jury Demand ("Complaint") (ECF No. 30) as follows:

## **INTRODUCTION**

1. Dean Inniss admits that Plaintiff is a professor of law at the University of Colorado-Boulder, but either denies or is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

Case No. 1:23-cv-01615-PAB-KAS   Document 38   filed 10/17/23   USDC Colorado   pg 2 of 13

2. Dean Inniss admits that Plaintiff complained about his evaluation rating with her. Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Dean Inniss denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Dean Inniss admits that Plaintiff is a Professor of Law at the University of Colorado, but either denies or is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. Dean Inniss admits that the University of Colorado is an institution of higher education with its largest campus in Boulder, Colorado and that the University of Colorado is governed through its Board of Regents, which is a body established by the Colorado Constitution and which serves as the body corporate for the University of Colorado, but she is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

2

7. Dean Inniss admits that she is the Dean and Provost's Professor of Law at CU Law in Boulder, Colorado and that she has held that position since approximately July 1, 2021, but denies the remaining allegations of said paragraph.

8. Dean Inniss admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

9. Dean Inniss admits this Court has subject matter jurisdiction over the lone claim that is brought against her in her individual capacity.

10. Dean Inniss admits that venue is proper.

## ADMINISTRATIVE EXHAUSTION

11. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

## FACTUAL ALLEGATIONS

12. Dean Inniss denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. Dean Inniss either denies or is without sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. Dean Inniss admits that she is the Dean of the Law School and approves of the endowed professorships. Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. Dean Inniss admits that Plaintiff received a 3 for his annual rating for 2021, but she either denies or is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint

23. Dean Inniss denies the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25. Dean Inniss admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. Dean Inniss admits that during 2021, Plaintiff served on the Faculty Evaluations Committee. Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28. Dean Inniss admits that with regard to the third evaluation factor, classroom instruction, it was not utilized in Plaintiff's 2021 rating. Dean Inniss either denies or is without sufficient information to admit or deny the remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Dean Inniss admits that on May 23, 2022, Plaintiff met with her to discuss his rating. Dean Inniss denies the remaining allegations of said paragraph.

30. Dean Inniss admits that she refused to take action to revise Plaintiff's rating, but denies the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33. With regard to the allegations contained in paragraph 33 of Plaintiff's Complaint, Dean Inniss states that the email received by Plaintiff from an Associate Dean for CU Law speaks for itself, and Dean Inniss denies the remainder of the allegations of paragraph 33 of Plaintiff's Complaint to the extent they do not accurately describe the email. Dean Inniss is without sufficient information or knowledge to admit or deny the remaining allegations in said paragraph.

34. With regard to the allegations contained in paragraph 34 of Plaintiff's Complaint, Dean Inniss states that the correspondence regarding Plaintiff being restored on the Faculty Evaluations Committee speaks for itself, and Dean Inniss denies the remainder of the allegations of paragraph 34 of Plaintiff's Complaint to the extent they do not accurately describe the correspondence.

35. Dean Inniss denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. With regard to the allegations contained in paragraph 36 of Plaintiff's Complaint, Dean Inniss states that the email dated June 8, 2022 speaks for itself, and Dean Inniss denies the remainder of the allegations of paragraph 36 of Plaintiff's Complaint to the extent they do not accurately describe the email.

37. Dean Inniss denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. With regard to the allegations contained in paragraph 38 of Plaintiff's Complaint, Dean Inniss states that the email dated July 22, 2022 speaks for itself, and Dean Inniss denies the remainder of the allegations of paragraph 38 of Plaintiff's Complaint to the extent they do not accurately describe the email.

39. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 39 of Plaintiff's Complaint, and therefore denies the same.

40(a-d). Dean Inniss denies the allegations contained in paragraphs 40(a-d) of Plaintiff's Complaint.

41. Dean Inniss admits that an OIEC investigation is underway, but is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 41 of Plaintiff's Complaint, and therefore denies the same.

42. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 42 of Plaintiff's Complaint, and therefore denies the same.

43. Dean Inniss denies the allegations contained in paragraphs 43 of Plaintiff's Complaint.

44. With regard to the allegations contained in paragraph 44 of Plaintiff's Complaint, Dean Inniss states that the email dated September 16, 2022 speaks for itself, and Dean Inniss denies the remainder of the allegations of paragraph 44 of Plaintiff's Complaint.

45. Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 45 of Plaintiff's Complaint, and therefore denies the same.

46. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 46 of Plaintiff's Complaint, and therefore denies the same.

47. Dean Inniss denies the allegations contained paragraph 47 of Plaintiff's Complaint.

48. Dean Inniss denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Dean Inniss admits that as of the filing of the Complaint in this action, the University has not completed its investigation of Plaintiff's OEIC complaint, and Dean Inniss either denies or is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 49 of Plaintiff's Complaint, and therefore denies the same.

50. Dean Inniss denies the allegations contained in paragraphs 50 of Plaintiff's Complaint.

### FIRST CAUSE OF ACTION
### Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1)
### Pay Discrimination Based on Race
### (Against the University)

51-60. These allegations appear to relate to claims against the University, and are not addressed by Dean Inniss.

### SECOND CAUSE OF ACTION
### Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1)
### Retaliation
### (Against the University)

61-66. These allegations appear to relate to claims against the University, and are not addressed by Dean Inniss.

### THIRD CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Pay Discrimination Based on Race
### (Against Chancellor DiStefano and Dean Inniss in their official capacities)

67-82. These allegations appear to relate to claims against the University, as they are official capacity claims, and are not addressed by Dean Inniss.

## FOURTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Retaliation
**(Against Chancellor DiStefano and Dean Inniss in their official capacities)**

83-93. These allegations appear to relate to claims against the University, as they are official capacity claims, and are not addressed by Dean Inniss.

## FIFTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Retaliation
**(Against Dean Inniss in her official capacity)**

94. Dean Inniss incorporates the allegations contained in paragraphs 1 – 93 above in response to paragraph 94 of Plaintiff's Complaint.

95. Dean Inniss admits that all her actions concerning Plaintiff occurred under color of law, but denies the remaining allegations contained in paragraph 95 of Plaintiff's Complaint.

96. Dean Inniss denies the allegations contained in paragraphs 96 of Plaintiff's Complaint.

97. Dean Inniss states that paragraph 97 of Plaintiff's Complaint states a legal conclusion to which no response is required.

98. Dean Inniss is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 98 of Plaintiff's Complaint, and therefore denies the same.

99. Dean Inniss denies the allegations contained in paragraph 99 of Plaintiff's Complaint.

100. Dean Inniss denies the allegations contained in paragraph 100 of Plaintiff's Complaint.

101. Dean Inniss denies the allegations contained in paragraphs 101 of Plaintiff's Complaint.

102. Dean Inniss denies the allegations contained in paragraphs 102 of Plaintiff's Complaint.

## GENERAL DENIAL

Dean Inniss denies any allegation that is not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The claims against Dean Inniss in her individual capacity are barred by qualified immunity.

3. Plaintiff's claims are barred, in whole or in part, by statute of limitations.

4. Some of Plaintiff's claims are barred for failure to timely exhaust administrative remedies.

5. Plaintiff's claims may be barred or reduced by a failure to mitigate his damages, if any.

6. Plaintiff's damages, if any, lack causation to Dean Inniss' actions.

7. Dean Inniss reserves the right to assert additional affirmative defenses and where applicable incorporates any affirmative defenses asserted by her co-Defendants.

## JURY DEMAND

Defendant Lolita Buckner Inniss requests a trial to a jury on all issues so triable.

Respectfully submitted this 17th day of October, 2023.

BERG HILL GREENLEAF RUSCITTI LLP

*s/ Josh A. Marks*

_____
Josh A. Marks
1712 Pearl Street
Boulder, CO  80302
Phone:  (303) 402-1600
Fax:  (303) 402-1601
Email:  jam@bhgrlaw.com

*Attorney for Defendant*
*Lolita Buckner Inniss*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of October, 2023, I electronically filed the foregoing **DEFENDANT LOLITA BUCKNER INNISS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

| | |
|---|---|
| Daniel D. Williams<br>Hutchinson Black and Cook, LLC<br>921 Walnut Street, Suite 200<br>Boulder, CO 80302<br>dan.williams@hbcboulder.com | Hermine Kallman<br>Megan H. Clark<br>University of Colorado<br>Office of University Counsel<br>1800 Grant Street, Suite 700<br>Denver, CO 80203<br>hermine.kallman@cu.edu<br>megan.clark@cu.edu |

                                    *s/ Cheryl Stasiak*
                                    _____
                                    Cheryl Stasiak