**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:23-cv-01615-PAB-KAS

PAUL F. CAMPOS,

      Plaintiff,

v.

UNIVERSITY OF COLORADO, through the Regents of the University of Colorado, a body corporate;
LOLITA BUCKNER INNISS, Dean of the University of Colorado School of Law, in her individual and official capacities; and
PHILIP P. DISTEFANO, Chancellor, University of Colorado-Boulder, in his official capacity,

      Defendants.

---

**PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**

---

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS ORDERED:

1.     The Parties have asserted that the nature of the claims, defenses, and damages asserted in this lawsuit involve discovery of certain documents and information containing Confidential Information (as defined in paragraph four below).

2.     The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order. The Parties have asserted that the disclosure of such Confidential Information outside the scope of this litigation could result in significant injury to one or more of the Parties.

3. The Parties have entered into this stipulation and have requested the Court to enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4. "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains nonpublic information that has been treated as confidential by the disclosing party and which would cause substantial injury if disclosed, such as medical/health information, certain private personnel information, and nonpublic financial information.

5. Information designated as confidential must first be reviewed by the attorney for the designating Party or third party, who must have a good faith belief that the information is Confidential Information.

6. When Confidential Information is produced, provided or otherwise disclosed in this litigation by a Party or third party, it will be designated in the following manner:

   a. imprinting the word "Confidential" on each page in such a manner as not to obscure the text;

   b. if a document is produced as an electronic native-format file, adding the word "Confidential" to the filename;

   c. imprinting the word "Confidential" next to or above any response to a discovery request; or

    d. designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. All Confidential Information provided by a Party or third party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purposes of this litigation and not for any other purpose;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

        (i) attorneys actively working on this case;

        (ii) persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

        (iii) the Parties;

        (iv) expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation and who agree to be bound by this Protective Order;

        (v) the Court and its employees;

        (vi) stenographic reporters who are engaged in this litigation;

        (vii) non-party deponents; and

    (viii) other persons by written agreement of the Parties.

  8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, which work product purposes include but are not limited to review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

  9. A Party may object to the designation of particular Confidential Information by giving written notice to the Party or third party designating the disputed information at any time more than thirty (30) days prior to the Final Pretrial Conference. The written notice shall identify the information to which the objection is made. If the Parties and/or third parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party or third party designating the information as confidential to notify the Magistrate Judge pursuant to the Magistrate Judge's practice standards of the dispute and set the issue for a telephone conference. If either the Magistrate Judge is notified for a telephone conference or if a motion is filed upon the Court's request, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the issue. If the designating Party or third party fails to file such a motion or schedule a telephone conference with the Magistrate Judge within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party or third party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

10.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed Restricted Level 1 in accordance with the requirements of D.C.COLO.LCivR 7.2, except as otherwise agreed to by the Parties or third party or separately ordered by the Court. Pleadings may refer to the Confidential Information without being filed Restricted Level 1, unless the Confidential Information is quoted or reproduced within the pleadings. If the Confidential Information is quoted or reproduced within a pleading, such pleading shall be filed Restricted Level 1 with the Clerk of the Court and made available to the Court, Court Personnel, and counsel of record, except as otherwise agreed by the parties or separately ordered by the Court. In addition, an unrestricted version of the pleading may be filed with redactions applied to the quoted or reproduced Confidential Information. The party designating the discovery as Confidential Information shall have the burden of moving the court to maintain restriction of the discovery.

11.     The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

12.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13.     Within thirty (30) days following the complete resolution of this matter, including any appeals, each Party's counsel shall destroy such Confidential Information and provide written

notification to opposing counsel confirming the destruction of all Confidential Information, although counsel for any Party may keep one electronic copy of all Confidential Information produced in the case, provided that such information shall remain subject to this Protective Order.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this \_\_6th\_\_ day of \_\_November\_\_, 2023.

BY THE COURT:

_____
United States Magistrate Judge